```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ROMAINE N. MOSLEY, | No. 23-3535 (NLH) (AMD) |
|     Plaintiff, | |
| v. | OPINION |
| CUMBERLAND COUNTY JAIL, | |
|     Defendant. | |

APPEARANCE:

Romaine N. Mosley
60 East Commerce Street
Bridgeton, NJ 08302

    *Plaintiff Pro se*

HILLMAN, District Judge

    Plaintiff Romaine N. Mosley, formerly detained in the Cumberland County Jail ("CCJ" or "Jail"), New Jersey, seeks to bring a complaint against the Jail pursuant to 42 U.S.C. § 1983. ECF No. 1.

    At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. The Court will grant Plaintiff leave to amend.

I.  **BACKGROUND**

Plaintiff was serving a county sentence in the CCJ on February 2, 2023.  ECF No. 1 at 2, 5.  Plaintiff states he "went to medical on Feb. 2, 2023 and my chest was in pain, then they gave me medication."  Id. at 5.  Plaintiff indicates he tested positive for COVID-19.  Id.  He received a shot.  Id.  Plaintiff states he requested his medical records but did not receive them.  Id.

Plaintiff seeks compensation for "pain, suffering, and embarrassment."  Id. at 6.

II.  **STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."  Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023).  Moreover, "[c]omplaints filed pro se should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)).

**III. DISCUSSION**

To state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  See Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).  The Court construes the complaint as alleging inadequate medical care, but there are not enough facts

3

in the complaint from which the Court could plausibly infer a constitutional violation took place.[1]

Plaintiff was a convicted and sentenced prisoner on February 2, 2023.  ECF No. 1 at 2.  Therefore, any claim for inadequate medical care falls under the Eighth Amendment.  To state an Eighth Amendment Claim, a plaintiff must allege facts indicating that defendants were deliberately indifferent to his or her serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To accomplish this, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (alteration in original)).

Plaintiff alleges he went to the Jail's medical department due to chest pains.  ECF No. 1 at 5.  The Court presumes for screening purposes only that this qualifies as a serious medical need.  However, Plaintiff has not provided any facts that would allow an inference that the Jail was deliberately indifferent to

---

[1] A jail is not an entity subject to liability under 42 U.S.C. § 1983, see Crawford v. McMillan, 660 F. App'x 113, 116 (3d Cir. 2016) (per curiam), but the Court liberally construes the complaint as alleging Cumberland County's liability in deference to Plaintiff's pro se status.

4

that need.  Plaintiff states he received medication from the medical department.  Id.  The Court cannot plausibly infer that was insufficient treatment without more facts.

There is also insufficient information about Plaintiff's COVID-19 diagnosis for the Court to plausibly infer that Plaintiff has a claim.  Plaintiff only states that was tested for COVID-19 and received a shot when that test came back positive.  Id.  This is not enough information to support a reasonable inference that Cumberland County is somehow liable to Plaintiff.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Because Plaintiff may be able to allege facts that would cure the deficiencies identified above, the Court will grant Plaintiff 20 days to submit a proposed amended complaint.  The proposed amended complaint will be subject to this Court's § 1915 review prior to service.  Failure to submit a proposed amended complaint within 20 days of the accompanying Order may result in dismissal with prejudice.

Plaintiff should note that the amended complaint will supersede the complaint.  When the amended complaint is filed, the complaint is inoperative and cannot be utilized to cure the

5

amended complaint's defects unless the relevant portion is specifically incorporated.  6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted).  The amended complaint may adopt some or all the allegations, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in and of itself.  Id.

**IV. CONCLUSION**

For the reasons stated above, the Court will dismiss the complaint without prejudice.  Plaintiff may submit a proposed amended complaint within 20 days of the date of this Opinion.

An appropriate order follows.

Dated: January 31, 2024      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

6